IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANTHONY DAVIS )<br>        Plaintiff )<br>)<br>        v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Defendant. ) | C.A. No. 06-25 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or for summary judgment filed by the United States of America [Document # 10] be denied.

**II.    REPORT**

    **A.    Introduction**

On February 7, 2006, Plaintiff, a federal inmate incarcerated at FCI-McKean in Bradford, Pennsylvania filed the instant action under the Federal Tort Claims Act.

Plaintiff's claim relates to allegedly negligent dental care. In 1994, Plaintiff developed an abscess of tooth number 8. In 2005, Plaintiff consented to the extraction of teeth numbers 7 and 8, but now challenges the adequacy of the dental treatment he received. Plaintiff argues that he would not have had to sacrifice his two teeth if the government would have performed an apicoectomy which was recommended by an oral surgeon in 1996. Plaintiff seeks thirteen million dollars in compensatory damages.

    **B.    Standards of Review**

        **1.    *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

1

than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 4. Motion for summary judgment

As both parties have attached numerous exhibits to their pleadings, this Court will convert the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion."); Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001) (holding that the district court should have applied summary judgment standards to its review of FTCA timeliness defense because it considered memoranda, affidavits, and exhibits submitted by both parties).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.   Plaintiff's Allegations Regarding His Medical History

According to his complaint, in April of 1994, Plaintiff developed an abscess of tooth number 8. In July of 1994, a root canal was performed on that tooth. Document # 1, ¶ 7. About a year later, the abscess returned. Id. at ¶ 8.

In 1996, Plaintiff was evaluated by an oral surgeon, who recommended an apicoectomy with retrofill of tooth 8. Id. at ¶ 9. Plaintiff alleges that he submitted requests to have the infection treated, but never received the recommended procedure and was instead treated with antibiotics. Id. at ¶ 10.

In 2002-2003, the infection returned and had spread across Plaintiff's gums. Id. at ¶ 11. Plaintiff was again treated with antibiotics. Id. In 2004, Plaintiff reported that pus was secreting from the area. Id. at ¶ 16. Plaintiff consented to an extraction of teeth numbers 7 and 8 around December 21, 2005. Id. at ¶ 20.

### D.   The FTCA's statute of limitations

Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act grants jurisdiction to the

federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

The FTCA's statute of limitations provides that an administrative tort claim must be filed with the appropriate federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b).[1]  Here, Plaintiff's administrative tort claim alleging negligence in dental treatment for the time period from April of 1994 through August of 2005, was received by the Bureau of

---

[1] Additionally, the FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. 28 U.S.C. § 2675(a); See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a). Plaintiff's FTCA claim was received by the Bureau of Prisons in early September of 2005. In a letter dated September 13, 2005, Plaintiff's administrative tort claim was rejected because he had failed to submit it for filing within two years of the events. See Document # 9, Horikawa Declaration. Plaintiff did not file a request for reconsideration and no final denial on the merits was issued by the Bureau of Prisons. Id.

Prisons on September 1, 2005.

In its motion, Defendant argues that Plaintiff's claim accrued in 1996 (or at the latest, 2002, when the infection had spread across the inner lining of the gums) and that the statute of limitations has expired. Document # 9. Plaintiff acknowledges that the statute of limitations is two years, but argues that the statute of limitations began to run in early 2004. Document # 13, page 5.

The Supreme Court has held that for statute of limitations purposes an FTCA claim accrues when the plaintiff is aware of the injury and the facts surrounding it: "A claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice." United States v. Kubrick, 444 U.S. 111, 112 (1979). In announcing this rule, the Court opined: "We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment". Id. at 122. In Kubrick, the Supreme Court held that a medical negligence claim accrued on the date of the actual injury (in that case, a drug reaction resulting in hearing loss):

> We thus cannot hold ... that accrual of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice of the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government. If there exists in the community a generally applicable standard of care with respect to the treatment of his ailment, we see no reason to suppose that competent advice would not be available to the plaintiff as to whether his treatment conformed to that standard. If advised that he has been wronged, he may properly bring suit. If competently advised to the contrary, he may be dissuaded, as he should be, from pressing a baseless claim.

Id. at 123-24.

Since the Supreme Court's decision in Kubrick, some courts of appeals have tempered the harsh rule as applied in failure to diagnose cases. See Augustine v. United States, 704 F.2d 1074 (9th Cir. 1983); Winter v. United States, 244 F.3d 1088 (9th Cir. 2001); Drazan v. United States, 762 F.2d 56 (7th Cir. 1985); Hughes v. United States, 263 F.3d 272 (3d Cir. 2001).

7

For example, in Drazan, the plaintiff (the widow of deceased) was not told that the VA doctors who treated her husband for lung cancer had failed to diagnose his condition a year earlier when a chest x-ray revealed a small tumor. The Seventh Circuit held that the statute of limitations on the plaintiff's wrongful death action did not begin to run until she learned of the government doctor's cause of her husband's death (in other words, she knew her husband died of lung cancer at the time of his death, but she did not know that the doctors failed to diagnose a small tumor a year earlier). The court stated: "when there are two causes of an injury, and only one is the government, the knowledge that is required to set the statute of limitations running is knowledge of the government cause [failure to diagnose], not just of the other cause [lung cancer]." Drazan, 762 F.2d at 59.

In Hughes, the plaintiff was admitted to a VA hospital on April 15, 1997, for cardiac catheterization and coronary bypass surgery, and heparin, a blood thinner, was prescribed in preparation for surgery. Following surgery, Hughes developed gangrene and his extremities were later amputated. Hughes was heavily sedated following his surgery and did not awaken until June 4, 1997, at which time he discovered he was a quadruple amputee and was informed that he had suffered an allergic reaction to the heparin which had caused gangrene. Importantly, Hughes was not told that the amputations could have been avoided if the allergic reaction had been timely diagnosed and treated appropriately. The court held

> Hughes' injuries occurred not solely because of the heparin-induced reaction, which could easily have been halted, but because the VA doctors failed to diagnose and treat his allergic reaction. ... [T]he issue of the accrual in this case thus depends upon when and if plaintiff discovered or through the exercise of reasonable diligence should have discovered that the failure of his doctors to diagnose, treat, or warn him led to his deteriorating condition.

Hughes at 277. [2]

---

[2] As a fellow district court has explained, the general holding of Kubrick is factually distinguishable from Hughes:

> Kubrick's injury was the [direct] result of the affirmative administration of a drug, which caused Kubrick to lose his hearing. Hughes' injury was the result of not promptly diagnosing and treating his allergic reaction to a drug. Further,

8

The case at hand is more factually similar to Hughes than to Kubrick as Kubrick does not contemplate the failure to diagnose situation within the restrictive setting of a prison.[3]  So then, the accrual date for statute of limitations purposes is the date upon which Plaintiff "becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition." Hughes, 263 F.3d at 276-77.

At issue in this case is when Plaintiff knew or should have known that his pre-existing problem (the abscess of tooth 8) had developed into a more serious condition, that being the point in time from which the statute of limitations runs.  Courts have held that in order for a plaintiff to achieve the benefit of tolling the statute of limitations, that plaintiff must exercise reasonable diligence with regard to the discovery of his injury.  Plaintiffs who do not exercise reasonable diligence in this regard will not be permitted to toll the statute of limitations.

In Vitalo v. Cabot Corporation, 399 F.3d 536 (3d Cir. March 3, 2005), our Circuit Court of Appeals further explained that

> If a person knows of an injury but is given an incorrect, but nevertheless reasonable, diagnosis, that person may be misdirected as to the injury's cause.  In that case, the statute of limitations might not begin to run until the injured person is given a correct diagnosis or should otherwise know the true cause (in light of the totality of the circumstances).  This special case is evaluated under the same, general rubric.  In light of the incorrect diagnosis, we inquire whether a reasonable person should have known the true cause of her/his injury and whether that person exercised reasonable diligence.
>
> Plaintiffs seeking the benefit of the discovery rule bear the burden of establishing

---

> though Hughes knew of his injury and its apparent cause, he was not provided any information that should have led him to believe that it was the failure to treat timely the allergic reaction to the heparin that caused the formation of the gangrene.  On the contrary, he was led to believe that the formation of the gangrene was a natural, albeit unexpected, allergic reaction to the heparin dosage.

Rendon v. United States of America, 2003 WL 21976068, at * 2 (E.D. Pa.).

[3] A prisoner, such as Plaintiff, is unable to consult medical and/or legal sources within the community in an effort to determine if his medical care has been substandard.  But see Hunter v. United States, 2000 WL 1880257 (M.D. Pa) (assuming without deciding that Kubrick applies in a prison setting).

> its applicability. In <u>Debiec</u>, we explained that, while the question whether a plaintiff has exercised reasonable diligence is usually a jury question, the Pennsylvania Supreme Court has cautioned that where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law.

<u>Vitalo</u>, at 543 <u>citing</u> <u>Debiec v. Cabot Corporation</u>, 352 F.3d 117, 129 (3d Cir. 2003).

In support of his argument for the tolling of the statute of limitations in this case, Plaintiff explains:

> While Plaintiff knew in 1994 that an abscess had developed above his number 8 tooth, he did not know that the degenerative course of the abscess was the result of FCI McKean's dental department failure to properly diagnose the nature of the abscess until his injury led to permanent physical and psychological injuries that could have been avoided or mitigated with proper care.
>
> * * *
>
> Here, Plaintiff developed an abscess above his number 8 tooth in 1994 that was easily curable, as the tooth was not decayed to the point where it would have been reasonably useless to implement restorative treatment, and the site of the infection gave no indication of advanced periodontal disease.
>
> * * *
>
> Contrary to the Defendant's assertion, Plaintiff's condition worsened because he did not receive proper dental care as a result of the misdiagnosis, not because the dental care he received directly caused his injury to worsen. His allegation is precisely that he had a condition that required immediate treatment, and the failure to provide immediate treatment led to permanent harm, i.e., the loss of a substantial amount of health gum and bone tissue and two healthy teeth.
>
> * * *
>
> Plaintiff became aware that his pre-existing condition had worsened in early 2004 when pus began secreting from the site of his number 7 tooth. Prior to that, between 2002 and 2003 Plaintiff believed that the antibiotic medication he was being given was actually treating the infection above his number 8 tooth.

Document # 13.

In order to determine whether Plaintiff exercised reasonable diligence in regard to the discovery of his injury, this Court must conduct an extensive review of Plaintiff's medical care and treatment. As Plaintiff's medical records and history are not presently before this Court, summary judgment is inappropriate at this juncture. However, Defendant may reassert its motion for summary judgment in this regard at a future juncture with a more fully developed factual record.

### III.     CONCLUSION

It is respectfully recommended that the motion to dismiss or for summary judgment filed by the United States of America [Document # 10] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                                                                S/ Susan Paradise Baxter
                                                                SUSAN PARADISE BAXTER
                                                                Chief United States Magistrate Judge


Dated: November 17, 2006