IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANTHONY DAVIS ) <br>             Plaintiff ) <br> ) <br>             v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>             Defendant. ) | C.A. No. 06-25 Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S
## AMENDED
## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the renewed motion to dismiss or for summary judgment filed by the United States of America [Document # 20] be granted.

**II.   REPORT**

    **A.   Relevant Procedural History**

On February 7, 2006, Plaintiff, a federal inmate incarcerated at FCI-McKean in Bradford, Pennsylvania filed the instant action under the Federal Tort Claims Act.

Plaintiff's claim relates to allegedly negligent dental care. In 1994, Plaintiff developed an abscess of tooth number 8. In 2005, Plaintiff consented to the extraction of teeth numbers 7 and 8, but now challenges the adequacy of the dental treatment he received. Plaintiff argues that he would not have had to sacrifice his two teeth if the government would have performed an apicoectomy, a procedure recommended by an oral surgeon in 1996. Plaintiff seeks thirteen million dollars in compensatory damages.

In May of 2006, Defendant filed a motion to dismiss or alternatively for summary

judgment arguing that Plaintiff had failed to administratively exhaust his claim within the applicable two-year statute of limitations. In a Report and Recommendation dated November 17, 2006, this Court recommended the denial of that motion because the medical record before it was incomplete and opined that Defendant should be allowed to reassert its motion with a more fully developed factual record. Document # 14. Thereafter, District Judge Sean J. McLaughlin adopted the Report and Recommendation. Document # 15.

Presently pending before this Court is Defendant's reasserted motion to dismiss or in the alternative for summary judgment. Document # 20. Plaintiff has filed an Opposition Brief. Document # 23. On August 27, 2007, this Court issued a Report and Recommendation recommending that the government's motion to dismiss or for summary judgment be granted as Plaintiff had not technically exhausted his claim. Document # 25. Plaintiff filed Objections to the Report and Recommendation. Document # 26.

Following careful consideration of Plaintiff's Objections, this Court withdraws the prior Report and Recommendation [Document # 25] and issues this Amended Report and Recommendation.

### B.   Standards of Review
#### 1.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal

pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## 2.     Motion to dismiss pursuant to 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

## 3.     Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007),

3

a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 4.     Motion for summary judgment

As both parties have attached numerous exhibits to their pleadings, this Court will convert the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion."); Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001) (holding that the district court should have applied summary judgment standards to its review of FTCA timeliness

defense because it considered memoranda, affidavits, and exhibits submitted by both parties).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

     A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Plaintiff's Medical History

     Plaintiff explains that prior to his incarceration he had "never had any major dental work (which includes root canal and fillings) performed on any of his teeth." Document # 23, page 11. According to his complaint, in April of 1994, Plaintiff developed an abscess of tooth number 8. In July of 1994, a root canal was performed on that tooth. Document # 1, ¶ 7; Document # 19-6, Declaration of Chief Dental Officer Kenneth Cho, ¶ 2a.

     On January 19, 1995, Plaintiff complained of temperature sensitivity at tooth number 8, and he was prescribed penicillin, and later keflex and flagyl. Document # 19-6, ¶ 2j.

     On May 8, 1995, Plaintiff returned with complaints of swelling at tooth number 8. An x-ray was taken and Plaintiff was assessed with recurrent tooth abscess. The dentist prescribed keflex, flagyl and motrin, and recommended that tooth number 8 be extracted at the next visit and that a removable false tooth would be made. Id. at ¶2k. On May 11, 1995, Plaintiff requested a second opinion regarding the possible extraction. Plaintiff was instructed to complete the course of antibiotics, and if the root canal failed, an extraction would be the most likely course of treatment. Id. at ¶2l.

     On May 25, 1995, Plaintiff was diagnosed with a non-restorable failed root canal treatment and he was scheduled for extraction of tooth number 8. Id. at ¶2m. On June 5, 1995,

Plaintiff informed the dental staff that he would not be submitting to the extraction of tooth 8 until it became re-infected. Id. at ¶2n. On July 14, 1995, Plaintiff indicated his desire to delay the tooth extraction as long as possible. Id. at ¶3p. In his Opposition brief, Plaintiff explains: "When the recommendation to extract Plaintiff's number 8 tooth was first made back in 1995, Plaintiff reasonably opted not to have the tooth extracted not only because extraction is considered highly invasive and a treatment of last resort, but also because he sensed that extraction in his case was, (a) unwarranted; (b) that the tooth was salvageable; and (c) that there were reasonable methods of treating the abscess that did not entail extraction, which incidentally, turned out to be precisely the case." Document # 23, page 18.

On July 22, 1996, a contract oral surgeon recommended a apicoectomy procedure[1] for tooth number 8 with a retrofill. Document #19-6, Cho Declaration, at ¶2s; Document # 1, Complaint at ¶ 9. This procedure was not undertaken.

On August 14, 1996, Plaintiff received routine dental care. Id. at ¶2t.

On July 24, 1997, Plaintiff was assessed with periodontal abscess at teeth 15 and 16 and was prescribed penicillin and Motrin. Id. at ¶2u.

On August 20, 1998, Plaintiff report to the Dental Clinic with a chip in tooth 9 which was restored. Id. at ¶2v.

On March 30, 2003, x-rays were taken which indicated bone loss and exudates at tooth 7 as well as an abscess at the apex of the root of tooth 8. Id. at ¶2bb. The following day, doxycycline was prescribed for localized gingivitis at tooth 7. Id. at ¶2cc.

On April 19, 2004 and again on July 15, 2004, Plaintiff complained that pus was seeping from the area of his prior root canals. Id. at ¶2dd and ¶2gg. During the July 15th visit, Plaintiff

---

[1] "An apicoectomy, or root-end resection, is the removal of the root tip and the surrounding infected tissue of an abscessed tooth. This procedure may be necessary when inflammation and infection persist in the area around the root tip after root canal therapy or root canal treatment. A root-end filling is placed to seal the end of the root canal. After a successful apicoectomy, within a few months, the bone around the end of the root will heal, and the symptoms cease. This procedure varies in prognosis and depends on many factors." Document # 19-6, Declaration of Chief Dental Officer Kenneth Cho, ¶ 2r, n.1.

was advised that it was possible he would need a tooth extraction or further root canal of tooth number 8.  Id. at ¶2gg.

In an entry dated November 22, 2005, prison medical staff indicated that following an x-ray of teeth numbers 8 and 9, "excessive bone loss precludes a favorable prognosis for apicoectomy on number 8."  Document # 19-7, Plaintiff's dental records, page 7. Shortly thereafter, Plaintiff consented to the extraction of teeth numbers 7 and 8.  Id.

### D. The Federal Tort Claims Act

Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to be sued.  United States v. Mitchell, 445 U.S.  535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment.  See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).  The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992). Generally, the burden of establishing subject matter jurisdiction in an FTCA action lies with the plaintiff.  Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

The FTCA specifically provides that an administrative tort claim must be filed with the

federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b)[2]. See also Miller v. Geriatric Center, 463 F.3d 266, 270 (3d Cir. 2006) ("The FTCA is a limited waiver of the sovereign immunity of the United States. The Supreme Court has admonished that the courts should carefully construe the time limitations of the FTCA so as not to extend that limited waiver beyond that which Congress intended."). Here, Plaintiff's administrative tort claim (alleging negligence in dental treatment for the time period from April of 1994 through the "present") was received by the Bureau of Prisons Northeast Regional Office on September 1, 2005. See Document # 19-4. In a letter dated September 13, 2005, Plaintiff's administrative tort claim was rejected by Regional Counsel because it was beyond the appropriate time frame. See Document # 9, Horikawa Declaration; Document # 19, page 13. The letter reads, in pertinent part:

> According to Title 28, United States Code, Section 2401(b), "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented."
>
> Accordingly, I am returning your claim for such action as you deem appropriate.

Document # 19-5 (emphasis in original). Plaintiff did not file a request for reconsideration and no final denial on the merits was issued by the Bureau of Prisons. Id.

---

[2] The FTCA also requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. 28 U.S.C. § 2675(a); See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a).

As grounds for its pending motion, Defendant argues that Plaintiff has not exhausted his administrative remedies because he did not file his claim within two years of its accrual, and therefore, this action should be dismissed. Document # 19. Defendant argues that the claim accrued in 1995 (when Plaintiff was diagnosed with persistent tooth abscess and extraction was recommended but expressly rejected by Plaintiff). In opposition, Plaintiff argues that his claim did not accrue until April of 2004 (when he reported pus seeping from the area).

"The determination of when a claim accrues for the purposes of the FTCA is a question of federal common law." Zeleznik v. United States, 770 F.2d 20, 22 (3d Cir. 1985). For statute of limitations purposes, an FTCA claim accrues when the plaintiff is aware of the injury and the facts surrounding it: "A claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice." United States v. Kubrick, 444 U.S. 111, 112 (1979). In Kubrick, the Supreme Court held that a medical negligence claim accrues on the date of the actual injury. Id. at 123-24 ("We thus cannot hold ... that accrual of a claim must await awareness by the plaintiff that his injury was negligently inflicted. [...] To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.").

In support of his argument for the tolling of the statute of limitations in opposition to the prior motion to dismiss, Plaintiff explained:

> While Plaintiff knew in 1994 that an abscess had developed above his number 8 tooth, he did not know that the degenerative course of the abscess was the result of FCI McKean's dental department failure to properly diagnose the nature of the abscess until his injury led to permanent physical and psychological injuries that could have been avoided or mitigated with proper care.

\* \* \*

> Here, Plaintiff developed an abscess above his number 8 tooth in 1994 that was easily curable, as the tooth was not decayed to the point where it would have been reasonably useless to implement restorative treatment, and the site of the infection gave no indication of advanced periodontal disease.

\* \* \*

> His allegation is precisely that he had a condition that required immediate treatment, and the failure to provide immediate treatment led to permanent harm, i.e., the loss of a substantial amount of healthy gum and bone tissue and two healthy teeth.
>
> * * *
>
> Plaintiff became aware that his pre-existing condition had worsened in early 2004 when pus began secreting from the site of his number 7 tooth. Prior to that, between 2002 and 2003 Plaintiff believed that the antibiotic medication he was being given was actually treating the infection above his number 8 tooth.

Document # 13. In the face of the first motion to dismiss based upon Plaintiff's allegations and the lack of a full medical record, this case seemed to be one of a failure to diagnose. However, at this more advanced stage of the litigation with the benefit of a more fully developed medical record, the case at hand is clearly not a case of misdiagnosis. Here, Plaintiff was in fact diagnosed but repeatedly refused the treatment recommended and offered by the Bureau of Prisons.

This Court can now determine that Plaintiff's bald assertions concerning his version of events is not supported by the medical records. The medical record indicates that as early as May 8, 1995, Plaintiff was diagnosed with recurrent abscess of tooth 8 and it was recommended that the tooth be extracted. Document # 19-6, Cho Declaration, ¶ 2k. Plaintiff refused to submit to the recommended extraction and expressed his desire to delay any extraction as long as possible. Id. at ¶ 2n and ¶ 3p. The fact that Plaintiff ignored the earlier treatment recommendation in 1995 until he realized the full extent and ramifications of the medical condition much later does not toll the statute of limitations in his favor. See Goodhand v. United States, 40 F.3d 209, 212-215 (7th Cir. 1994) ("The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later. [...] This is a general principle of limitations law, not an idiosyncratic feature of the statute of limitations in the Federal Tort Claims Act.... Were it not for this rule, the statute of limitations might be extended indefinitely--perhaps even to death, since until then it is always possible for the plaintiff's injury to worsen."); K.E.S. v. United States, 38 F.3d 1027, 1030 (8th Cir. 1994) ("Misapprehension of the seriousness or permanence of an injury does not toll the statute of limitations under the FTCA.").

11

Accordingly, because Plaintiff has failed to exhaust his administrative remedies in a timely manner under the FTCA, Defendant's motion to dismiss or for summary judgment should be granted.

### III.     CONCLUSION

It is respectfully recommended that the renewed motion to dismiss or for summary judgment filed by the United States of America [Document # 20] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: September 7, 2007