IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANTHONY DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 06-25 Erie |

## MEMORANDUM ORDER

This Federal Tort Claims Act ("FTCA") case was received by the Clerk of Court on February 7, 2006. The matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

### I. Procedural Background

Plaintiff is an inmate incarcerated at FCI-McKean in Bradford, Pennsylvania and challenges the adequacy of the dental treatment he received. In May 2006, Defendant filed a motion to dismiss or alternatively, for summary judgment, arguing that Plaintiff had failed to administratively exhaust his claim within the applicable two-year statute of limitations. In a Report and Recommendation filed on November 17, 2006 [Doc. No. 14], the Magistrate Judge recommended that Defendant's motion be denied since the medical record before the court was incomplete, and opined that Defendant should be allowed to reassert its motion upon a more fully developed factual record. Thereafter, we adopted the Report and Recommendation [Doc. No. 15] and denied Defendant's motion.

After the factual record was more fully developed, Defendant renewed its motion in January 2007 [Doc. No. 20] and Plaintiff filed a brief in opposition [Doc. No. 23]. The Magistrate Judge issued a Report and Recommendation on August 27, 2007, recommending that Defendant's renewed motion to dismiss or for summary judgment be granted [Doc. No. 25]. The Magistrate Judge withdrew this Report and Recommendation and issued an Amended Report and Recommendation on September 7, 2007 [Doc. No. 27]. The Magistrate Judge concluded that

Plaintiff failed to exhaust his administrative remedies in a timely manner under the FTCA. Plaintiff filed objections on September 20, 2007 [Doc. No. 28], challenging the Magistrate Judge's conclusion. For the reasons that follow, we decline to adopt the Magistrate Judge's Amended Report and Recommendation and conclude, instead, that Defendant's motion should be denied.

## II. STANDARD OF REVIEW

When objections are filed to a report and recommendation of a magistrate judge, the court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); United States v. Raddatz, 447 U.S. 667 (1980); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3rd Cir. 1989). The court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Owens v. Beard, 829 F. Supp. 736, 738 (M.D.Pa. 1993). Although the review is *de novo*, the court is permitted by statute to rely on the magistrate judge's proposed recommendation to the extent the court, in the exercise of sound discretion, deems proper. Raddatz, 447 U.S. at 676; Goney v. Clark, 749 F.2d 5, 7 (3rd Cir. 1984).

The Magistrate Judge converted Defendant's motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Amended Report and Recommendation [Doc. No. 27]. We therefore analyze Defendant's motion to determine whether summary judgment is appropriate, that is, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to withstand a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating whether the non-moving party has established each necessary element, the Court must grant all reasonable inferences from the evidence to the non-moving party. Knabe v. Boury Corp., 114 F.3d 407, 410, n.4 (3d Cir. 1997) (citing Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.574 (1986)). "Where the

record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita, 475 U.S. at 587).

### III. Discussion

Since the factual background is laid out in the Magistrate Judge's Amended Report and Recommendation, we will not repeat it here except where relevant to our discussion. At issue in this case is when Plaintiff's claim accrued under the two-year FTCA statute of limitations. 28 U.S.C. § 2401(b). The FTCA specifically provides that an administrative tort claim must be filed with the federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b); see also Miller v. Geriatric Center, 462 F.3d 266, 270 (3rd Cir. 2006). In a failure to diagnose or treat claim, the Third Circuit made clear in Hughes v. United States, 263 F.3d 272 (3rd Cir. 2001), that:

> ... the injury is not the mere undetected existence of the medical problem at the time the physician failed to diagnose or treat the patient or the mere continuance of that same undiagnosed problem in substantially the same state. Rather, the injury is the development of the problem into a more serious condition which poses greater danger to the patient or which requires more extensive treatment. <u>In this type of case, it is only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition that his cause of action can be said to have accrued for purposes of section 2401(b).</u>

Hughes, 263 F.3d at 275 (emphasis added); see also Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir. 1983); Green v. United States, 180 Fed. Appx. 310, 315-16 (3rd Cir. 2006). The determination of the time at which a claim accrues within the meaning of § 2401(b) involves an objective inquiry; asking not what the plaintiff knew, but what a reasonable person should have known. Barren by Barren v. United States, 839 F.2d 987, 991 (3rd Cir. 1988); Green, 180 Fed. Appx. at 313.

Here, Plaintiff's administrative tort claim alleging negligence in dental treatment for the time period from April 1994 through the present was received by the Bureau of Prisons Northeast Regional Office on September 1, 2005. See Defendant's Brief in Support Ex. 1b [Doc. No. 19-3]. In a letter dated September 13, 2005, Plaintiff's claim was rejected by the Regional Counsel on the basis that it was not filed within two years of the accrual of the Plaintiff's cause of action. See Defendant's Brief in Support Ex. 1c [Doc. No. 19-4].

3

In its motion for summary judgment, Defendant argues that Plaintiff's claim accrued by at least 1995, when he was diagnosed on several occasions with recurrent tooth abscess and refused recommended extraction. See Defendant's Brief in Support p. 17 [Doc. No. 19]. Plaintiff contends that his claim did not accrue until April 2004 when he reported pus seeping from the site of a prior root canal. See Plaintiff's Brief in Opposition p. 10 [Doc. No. 23].

In concluding that Plaintiff's cause of action accrued more than two years prior to the filing of his administrative claim, the Magistrate Judge reasoned as follows:

> This Court can now determine that Plaintiff's bald assertions concerning his version of events is not supported by the medical records. The medical record indicates that as early as May 8, 1995, Plaintiff was diagnosed with recurrent abscess of tooth 8 and it was recommended that the tooth be extracted. Document # 19-6, Cho Declaration, ¶ 2k. Plaintiff refused to submit to the recommended extraction and expressed his desire to delay any extraction as long as possible. Id. at ¶ 2n and ¶ 3p. The fact that Plaintiff ignored the earlier treatment recommendation in 1995 until he realized the full extent and ramifications of the medical condition much later does not toll the statute of limitations in his favor. See Goodhand v. United States, 40 F.3d 209, 212-215 (7th Cir. 1994)[.]

Amended Report and Recommendation p. 11 [Doc. No. 27].

It is undisputed that Plaintiff was diagnosed with recurrent tooth abscess in May 1995 and extraction was recommended. See Defendant's Brief in Support Ex. 2a pp. 26-27 [Doc. No. 19-7]. However, Plaintiff's "injury" is not the recurrent tooth abscess; his claim is that the failure to properly treat his recurrent tooth abscess led to irreparable damage requiring extraction. Accordingly, Plaintiff's cause of action would have accrued when a reasonable person knew or should have known that his recurrent tooth abscess developed into a more serious condition. Hughes, 263 F.3d at 275; Augustine, 704 F.2d at 1078.

In this regard, the record reflects that after extraction was recommended, in June 1995 Plaintiff was feeling better and decreased swelling was noted, and by July 1995 potential healing was also noted. See Defendant's Brief in Support Ex. 2a p. 24 [Doc. No. 19-7]. Between July 14, 1995 and May 9, 1996, Plaintiff was seen only once for teeth cleaning and no problems were noted. Id. at p. 25. Despite the fact that extraction had been previously recommended, when seen by the Chief Dental Officer on May 9, 1996, Plaintiff was referred for evaluation by an oral

surgeon for a possible apioectomy of tooth #8. Id. at pp. 22-23. On July 22, 1996, an oral surgeon observed a periapical abscess of tooth #8 but did not recommend extraction; rather, it was recommended that Plaintiff undergo an apicoectomy with retrofill. Id. at pp. 22, 35. For a period of over seven years, between August 14, 1996 and March 30, 2004, there were no entries in Plaintiff's records relative to problems with tooth #7 or tooth #8. Id. at pp. 16, 18-22. On March 30, 2004, x-rays were taken, and bone loss and exudates were evident at tooth #7, and tooth #8 showed an abscess at the apex of the root. Id. at pp. 14-15. The record does not reflect whether Plaintiff was informed of this condition at that time, but on April 19, 2004 and again on July 15, 2004, Plaintiff reported pus was seeping from his gum. Id. at pp. 11-12. It was at this point that Plaintiff contends he became aware that his condition had worsened.[1]

Defendant, conversely, disputes that the previously diagnosed condition had in fact worsened in April 2004. See Defendant's Brief in Support p. 18 n.7 [Doc. No. 19]. We find therefore, that there is a material issue of fact as to this point. Consequently, Defendant's motion for summary judgment is denied.

AND NOW, this 27th day of September, 2007, we decline to adopt the Amended Report and Recommendation [Doc. No. 27] of the Magistrate Judge;

IT IS HEREBY ORDERED that the Defendant's motion to dismiss or alternatively for

---

[1] Plaintiff ultimately had tooth #7 and tooth #8 extracted. During the July 15, 2004 visit, Plaintiff was advised that it was possible he would need a tooth extraction or root canal on tooth #8. See Defendant's Brief in Support Ex. 2a p. 12 [Doc. No. 19-7]. On November 9, 2005, Plaintiff complained that his #7 and #8 teeth were bothering him, and an entry dated November 22, 2005 noted that x-rays of his #7 and #8 teeth showed excessive bone loss precluding a favorable prognosis for apicoectomy on tooth # 8. Id. at p. 6. Plaintiff was examined on December 21, 2005 and informed that his #7 and #8 teeth were non-restorable and that their prognosis was poor. Id. at pp. 3-4. Shortly thereafter Plaintiff consented to their extraction. Id.

summary judgment [Doc. No. 20] is DENIED.

                                                                           s/    Sean J. McLaughlin
                                                                                 United States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge